NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RABAH SELMANE,<br><br>             Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>             Respondent. | No.   15-72519<br><br>Agency No. A205-802-055<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2018[**]
San Francisco, California

Before:  McKEOWN and BEA, Circuit Judges, and BENITEZ,[***] District Judge.

Rabah Selmane, a native and citizen of Algeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility determinations under the substantial evidence standard. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The BIA's finding of ineligibility for relief will be reversed only if the evidence "compels" the reversal. *Tang v. Gonzales*, 489 F.3d 987, 990 (9th Cir. 2007).

Under the REAL ID Act, the BIA may make an adverse credibility determination after considering "the totality of circumstances, and all relevant factors." *Shrestha*, 590 F.3d at 1040 (internal quotation marks omitted). Relevant factors include an applicant's demeanor, candor, and responsiveness, as well as inconsistencies in oral and written statements. *Id.* "[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011).

Substantial evidence supports the BIA's adverse credibility determination. The BIA considered a variety of factors in making its determination, including Selmane's demeanor during the hearings, his unresponsive testimony, and his

---

[1] Selmane does not appeal the denial of his CAT application. Accordingly, this claim has been waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

inconsistent statements.  The BIA pointed to two primary points of inconsistency.  First, Selmane provided inconsistent statements about where he was employed.  When given the opportunity to explain this discrepancy, Selmane had difficulty articulating a reason, and eventually responded that he did not know why he wrote down two different places of employment.

Second, Selmane provided inconsistent statements with regard to the events that transpired during his kidnapping by al-Qaida.  In one account, Selmane claims he was approached by three members of al-Qaida, who demanded that he give them the medication he was delivering to the village, while another account states that he was approached by a driver and a passenger *after* delivering the medication.

Additionally, the BIA noted that Selmane's failure to provide corroborating evidence further undermined his credibility.  Specifically, Selmane failed to provide the list of medications demanded by al-Qaida despite being requested to do so and testifying that he could.  Considering the totality of the circumstances, substantial evidence supports the BIA's adverse credibility determination.

Because substantial evidence supports the BIA's adverse credibility determination, we need not address whether Selmane adequately established a nexus between his fear of persecution and a protected ground.  Without credible testimony or corroborating evidence, Selmane necessarily failed to meet his burden of proving he qualifies for asylum.  *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th

3

Cir. 2003). Additionally, because Selmane failed to establish eligibility for

asylum, he has not met "the higher burden of proving" he is entitled to withholding

of removal. *Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006).

**PETITION DENIED.**